IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mary Fuchs, et al.,               :

    Plaintiffs,               :

  v.                              :      Case No. 2:15-CV-895

Selene Finance, LP,               :      JUDGE MICHAEL H. WATSON
                                  Magistrate Judge Kemp
    Defendant.                :

ORDER

    This action was brought against Selene Finance, LP ("Selene") and raises claims relating to the handling of Plantiffs' mortgage loan. The Government National Mortgage Association was also a defendant but was recently dismissed as a party to this litigation. (Doc. 99). This matter is now before the Court to consider the following four motions: Selene's motion for leave to withdraw and amend responses to Plantiffs' requests for admissions and amended responses to Plantiffs' requests for admissions instanter (Doc. 67); Plaintiffs' motion for continuance of discovery cutoff date and dispositive motion deadline (Doc. 71); Plantiffs' motion to compel discovery and motion for sanctions (Doc. 72); and Selene's motion to strike Plaintiffs' second motion to continue, motion to strike Plaintiffs' motion to compel and request for a protective order, and motion for sanctions (Doc. 73).

    I.  <u>Motion for Leave to Withdraw and Amend Responses</u>

    Selene moves pursuant to Fed.R.Civ.P. 36(b) for leave to withdraw and amend its responses to three of Plaintiffs' requests for admissions "because this will substantially serve the presentation of the merits of this action and because it would not prejudice Plaintiffs." (Doc. 67 at 1). Selene began servicing Plantiffs' mortgage loan in August of 2014. In April of 2015, in response to Plantiffs' request for information

pertaining to their loan, Selene inadvertently credited the loan for six monthly payments of $1,862.60 each, for a total amount of $11,175.60, and waived late fees in the amount of $646.08. Id. at 2. According to Selene, the mistake was made because Plantiffs' prior loan serivcer, BAC Home Loans Servicing ("BAC") filed a proof of claim in Plantiffs' 2009 bankruptcy inaccurately identifying the borrower's post-petition delinquency as pre-petition debt. Plaintiffs filed their second amended complaint (Doc. 25) on July 17, 2015, and served discovery requests, including requests to admit, upon Selene on August 10, 2015. (Doc. 67, Ex. A). Selene completed the request for admissions and subsequently discovered the error. Selene now seeks leave to withdraw and amend its responses to the following requests for admission, as follows:

> 12. Admit you misapplied at least $11,175.60 in payments from Plaintiffs.
>
> **PREVIOUS RESPONSE:**
>
> Plaintiff [sic] admits that there may have been an unintentional error in the application of payments but generally denies the request. Plaintiff [sic] reserves the right to amend this response as it continues its investigation of the allegations that are contained in the Plaintiff's [sic] complaint.
>
> **NEW RESPONSE:** Deny.
>
> 13. Admit the "Amount Due" of $75,914.78 in the March 2015 mortgage statement attached as Exhibit A was in excess of what Plaintiffs actually owed as of April 1, 2015.
>
> **PREVIOUS RESPONSE**: Admit.
>
> **NEW RESPONSE:** Deny.
>
> 28. Admit You failed to acknowledge receipt of the Letter within five days, excluding weekends and public holidays.

**PREVIOUS RESPONSE**: Admit.

**NEW RESPONSE:** Deny.

(Doc. 67).

Selene asserts that because of its early responses to the discovery requests it had not yet fully investigated the matter, and its foreclosure counsel mistakenly understood Plantiffs' bankruptcy order as requiring an adjustment to its account, thus resulting in admitting the balance referred to in Request for Admission No. 13. (Doc. 67, Ex. 15, ¶18). Selene also points out that Plantiffs sent it a Qualified Written Request ("QWR") dated February 23, 2015 requesting information on their mortgage loan, but that this was not received by Selene until March 9, 2015. Selene states that although its counsel responded to the letter on the same day as receipt, he inadvertently admitted that Selene failed to acknowledge the receipt of the letter within five days. Id. at ¶20. Selene requests that the Court permit the withdrawal and amendment of the three Requests for Admissions to promote presentation of the merits of the action.

Plantiffs oppose the motion, arguing that permitting changes in the responses at this late date would prejudice their ability to prosecute their claims as well as to respond to Selene's motion for summary judgment (Selene and Plantiffs both filed motions for summary judgment on October 31, 2016, about two weeks after the filing of the instant motion). The Plantiffs state that they will be prejudiced because the admissions and qualified admission at issue "weigh heavily in evidence to prove both RESPA and FDCPA violations." (Doc. 76 at 5-6). When a mortgage servicer misapplies a mortgage payment and is so notified by a QWR, then the servicer must perform a reasonable investigation into the matter, and respond within 30 days by either (1) correcting the misapplication or (2) concluding that there was no

error and responding with an explanation. 12 U.S.C. §2601 et seq.

The Plantiffs argue that had they received the responses Selene now wishes to provide, they would have conducted discovery differently. They also assert that the proposed response changes do not promote a presentation of the merits in this case. Plantiffs accuse Selene of withholding evidence which could reveal the truth of matters admitted in the Requests for Admission. They contest Selene's stated date of receipt of the QWR, including a certified mail receipt showing that Selene received the QWR on March 6, 2015, and assert that Selene's statement that it "acknowledged" receipt on March 9, 2016 is a mis-characterization because it only referred to the responding letter date. Id. Ex. A; Doc. 67. Finally, the Plantiffs argue that if the Court grants this motion it should also re-open discovery.

### A. Legal Standard

Fed. R. Civ. P. 36(b), "Effect of an Admission; Withdrawing or Amending It," provides:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

"The first prong of the test articulated in Rule 36(b) is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" Clark v. Johnston, 413. Fed. Appx. 804, 818 (6th Cir. Jan. 25, 2011), quoting Riley v. Kurtz, 194 F.3d 1313 (6th Cir. Sept. 28, 1999)(internal quotation and citation omitted). The prejudice at

4

issue in the second prong of the test in Rule 36(b) "is not simply that the party who initially obtained the admission will now have to convince the factfinder of its truth, [but] rather, relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of admission." Id., quoting Kerry Steel, Inc. v. Paragon Indus., 106 F.3d 147, 154 (6th Cir. 1997) (internal quotations omitted). Courts must also consider whether the admissions go to the very heart of the case, and if the party who made the admissions will be prevented, absent withdrawal, from presenting his or her case on the merits. LaJiness v. Reactor Controls, Inc., 642 F.Supp. 27 (E.D. Mich. 1985). "A district court has considerable discretion over whether to permit withdrawal or amendment of admissions." Kerry Steel, 106 F.3d at 154.

First, the Court considers whether allowing amendment of the admissions will aid in presentation of the merits.  A court may consider the following factors in making this determination: (1) whether the admission is contrary to the record; (2) whether an admission is no longer true because of changed circumstances; (3) whether, through an honest error, a party has made an improvident admission; and (4) whether the effect of upholding the admissions would practically eliminate presentation on the merits. See Ropfogel v. United States, 138 F.R.D. 579, 583 (D. Kan. 1991).  In this matter, it is uncontroverted that the admissions as they stand now are contrary to the record in this case, and it appears by all accounts that the erroneous admissions were not made in bad faith.  Moreover, in its original Admission No. 12 Selene indicated only that it "may have" misapplied funds and reserved its right to change its answer upon further investigation.  Thus, Plantiffs were at least on notice as to this issue and would have been able to conduct their discovery accordingly.  It is in the interest of justice for the record to

5

reflect accurate facts. The Court is not convinced that the Plantiffs will be unfairly prejudiced by allowing the amendment of the admissions to conform to the record. Even if, as they contend, the QWR was received by Selene on March 6 rather than March 9, 2015, Selene acknowledged receipt on March 9, 2015, within the required 5 day period. The QWR was produced in time for Plaintiffs to have conducted questioning on it in the depositions.

The Court finds that both prongs of the test in Fed.R.Civ.P. 36(b) are satisfied. In sum, allowing amendment will further presentation of the merits and will not cause Plantiffs to suffer any unfair prejudice. See e.g. Visteon Global Technologies, Inc. V. Garmin Intern, Inc., 2013 WL 8017532, *12 (E.D. Mich. Oct. 25, 2013); citing Conlon v. United States, 474 F.3d 616, 624 (9th Cir. 2007) ("We agree with the other courts that have addressed the issue and conclude that reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice); FDIC v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994) ("preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice."). For the reasons set out above, the Court will grant Selene's motion to amend its responses to the Plantiffs' request for admissions as set out above.

## II.  Remaining Motions

On October 3, 2016, Plantiffs filed two motions: (1) motion for continuance of October 1, 2016 discovery cutoff date and October 31, 2016 dispositive motion deadline (Doc. 71); and (2) a motion to compel discovery and motion for sanctions (Doc. 72). Rather than filing a response, two days later Selene filed a motion to strike Plaintiffs' motion to continue and motion to compel, request for a protective order, and motion for sanctions

(Doc. 73). That motion has been fully briefed, and covers the issues raised in the Plantiffs' two motions.

    A.    <u>Plaintiff's Motion for Continuance of October 31, 2016 Discovery Cutoff Date and October 31, 2016 Dispositive Motion Deadline</u>

Because the discovery cutoff date has passed and both Plaintiffs and Selene filed motions for summary judgment by the October 31, 2016, deadline, Plaintiffs' motion to continue that deadline is deemed moot and will be denied, subject to reopening of discovery should the Court grant the motion to compel.

    B.    <u>Plaintiff's Motion to Compel and Selene's Motion to Strike and Request for a Protective Order</u>

Plaintiffs move to compel discovery, arguing that "[t]hroughout the course of discovery, Selene ignored requests for deposition dates for almost two months, pushed the depositions back as close to the discovery cutoff as possible, objected to areas of knowledge in the Notice of Deposition in an attempt to limit discovery, objected to requests for production inappropriately, failed to produce repeatedly requested documents, waited until documents were revealed in deposition to produce documents well within discovery requests, and gave evasive responses to withhold discovery production. Selene still refused to produce the lawfully requested discovery requested in this motion." (Doc. 72 at 2). Plaintiffs provide a number of exhibits which they assert demonstrate Selene's "blatant disregard" for the rules of discovery and its intention to evade compliance with the rules of discovery. By way of example, the exhibits include correspondence between the parties related to scheduling depositions, Selene's objections to certain requests deemed to be overly broad and unduly burdensome, and an affidavit of Plaintiffs' counsel setting out timeline of various events during the discovery process.

7

Selene contests the motion, relying primarily on the fact that the motion was not timely and was filed on October 3, 2016, two days after the October 1, 2016, cutoff date (October 1 fell on a Saturday; October 3 was the next business day). The Court denies the motion to strike, however, because the motion to compel was timely filed.  The pretrial order setting the initial deadline for discovery states that "[i]f any date set in this order falls on a Saturday, Sunday or legal holiday, the date is automatically deemed to be the next regular business day." (Doc. 14). Subsequent extensions to the deadline did not alter that portion of the Order. In its motion to strike Selene seeks leave to file a substantive response to the merits of Plaintiffs' motion to compel in the event that the motion to strike is denied.  The Court will therefore grant 14 days to file a responsive brief to the motion to compel.

### C.  The Parties' Request for Sanctions

The parties each move for sanctions against one another. Both Plantiffs and Selene have engaged in contentious motion practice in this matter. Selene argues generally that Plantiffs should be sanctioned for repeatedly failing to comply with the Local Rules and for misrepresenting the status of discovery to the Court. Plantiffs move for sanctions in the form of costs and attorney fees in the event that their motion to compel is granted, based on their arguments that Selene has wilfully withheld pertinent discovery.

The Court has authority under Fed.R.Civ.P. 37 and Local Rule 1.1.(c) to impose various sanctions.  However, sanctions are discretionary and are a drastic remedy that courts should be cautious in imposing.  See Tahfs v. Proctor, 316 F.3d 584, 594-95 (6th Cir. 2003). The Court recently issued an Order (Doc. 98) denying Selene's request for sanctions in relation to its denial of Plantiff's motion for leave to file a third amended complaint

8

(Doc. 90). The Court concluded in that Order that "[p]laintiffs' failure to comply with the rules or provide a proposed amended pleading does not amount to bad faith or behavior that would justify sanctions at this juncture." (Doc. 98 at 3). Given that the motion for leave to amend referenced in that Order was filed approximately two months after the motions currently under consideration, the Court remains of the view that sanctions are not appropriate at this time. The parties are put on notice of their ongoing duty to comply with all relevant local and federal rules for the duration of this litigation. The parties' requests for sanctions will generally be denied, although the Court reserves ruling on whether sanctions are appropriate in connection with the yet-to-be-briefed discovery motion.

### III. Conclusion

Based on the foregoing, Selene's motion for leave to withdraw and amend responses to Plantiffs' requests for admissions and amended responses to Plantiffs' requests for admissions instanter (Doc. 67) is granted. Plaintiffs' motion for continuance of discovery cutoff date and dispositive motion deadline (Doc. 71) is denied as moot; and Selene's motion to strike Plantiffs' second motion to continue, motion to strike Plantiffs' motion to compel and request for a protective order, and motion for sanctions (Doc. 73) is denied. Selene is directed to file a responsive brief to Plaintiffs' motion to compel discovery and motion for sanctions (Doc. 72) within 14 days of this Order.

### IV. Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or

9

part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge