IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Mary Fuchs, et al.,                    :

       Plaintiffs,                    :

    v.                                 :      Case No. 2:15-CV-895

Selene Finance, LP,                    :      JUDGE MICHAEL H. WATSON
                                              Magistrate Judge Kemp
      Defendant.                     :

<u>ORDER</u>

This action was brought against Selene Finance, LP ("Selene") and raises claims relating to the handling of Plantiffs' mortgage loan.  The Government National Mortgage Association was also a defendant but has been dismissed as a party to this litigation. (Doc. 99). This matter is now before the Court to consider the Plaintiffs' motion to compel discovery (Doc. 72).  The motion has been fully briefed and is now ripe for decision. For the following reasons, the motion to compel will be granted in part and denied in part, as set out below.

I.  <u>Introduction</u>

The discovery process in this case has been contentious, and there are conflicting views between the parties as to how the discovery process has reached this point and the best way in which to rectify it. In an Order dated February 21, 2017, the Court considered the instant motion to compel and for sanctions. (Doc. 100). Rather than filing a response to the motion to compel, Selene had moved for sanctions and to strike the motion to compel for untimeliness. (Doc. 73). The Court denied both parties' requests for sanctions as well as Selene's motion to strike, finding that Plaintiffs' motion to compel had been timely filed.  The Court directed Selene to file a responsive brief. Selene has now filed a response and Plaintiffs have replied.

Plaintiffs assert that "[t]hroughout the course of discovery, Selene ignored requests for deposition dates for almost two months, pushed the depositions back as close to the discovery cutoff as possible, objected to areas of knowledge in the Notice of Deposition in an attempt to limit discovery, objected to requests for production inappropriately, failed to produce repeatedly requested documents, waited until documents were revealed in deposition to produce documents well within discovery requests, and gave evasive responses to withhold discovery production.  Selene still refused to produce the lawfully requested discovery requested in this motion." (Doc. 72 at 2).  The Plaintiffs wish to compel Selene to provide a number of items, which they claim that Selene has been refusing to provide or uncooperative in providing. Selene opposes the motion to compel on various grounds, stating that it has either already appropriately responded to Plaintiffs' request or that it has misplaced certain documents. It also urges denial of the motion because both parties have filed motions for summary judgment, which have been fully briefed.

Due to the time that has passed since the filing of Plaintiffs' motion to compel on October 3, 2016, some of these issues appear to have been resolved.  The Court will consider the motion to compel regarding each of the items at issue in turn.

1.  <u>The original Note and Mortgage (to be delivered to the office of Plaintiffs' counsel)</u>

In the course of discovery, Plaintiffs were provided with a copy of the mortgage and note. In its responsive brief, Selene provides another copy of the original, supported by an affidavit of authenticity by their counsel, who scanned the document. (Doc. 104-2 ¶¶5-7). Plaintiffs assert that their physical inspection of the original is essential for them to defend against Selene's counterclaim in foreclosure. Plaintiffs do not appear to be

2

relying on a formal Rule 34 discovery request in support of their claimed right to view the original document. Instead, they provide a copy of notices of deposition which asked Selene to bring the original mortgage and note to the deposition. Selene requested the original mortgage and note upon receipt of the Plaintiffs' later notice of deposition in September of 2016. The original, which had to be obtained from another of Selene's office, did not arrive in time for the deposition. On September 22, 2016, Selene notified Plaintiffs that the original was available for inspection at Selene's counsel's offices anytime during normal business hours. (Doc. 72-9, p. 2-3). Plaintiffs argue that they should not have to absorb the time and expense of traveling to counsel's offices in Cleveland and request that Selene send the originals to Plaintiffs' counsel's offices in Dublin or, alternatively, to this Court.

Without a showing of undue hardship or prejudice, there is no basis on which the Court can order Selene to produce the original mortgage and note in the manner most convenient to Plaintiffs. Plaintiffs are in possession of a copy of the original documents, supported by an affidavit confirming their authenticity. Selene has offered Plaintiffs the opportunity to inspect the original at its offices since September of last year. Selene has met its obligation under Rule 34 to make the original mortgage and note available to Plaintiffs to "inspect" and to "copy," which is all that Rule 34(a)(1) requires.

    2.   The "MSP Screenshot"

Plaintiffs have also moved to compel Selene to produce the "MSP Screenshot," which purportedly shows the location and date of possession of the Plaintiffs' note and mortgage. Selene has since supplemented its discovery responses and provided Plaintiffs with this item. (Doc. 104-2, ¶15).

3.    Selene's Policies and Procedures and Servicing
      Guidelines

Plaintiffs have requested Selene's Policies, Procedures, and
Servicing Guidelines ("Policies"). Selene agreed to provide these
subject to a protective order due to the proprietary nature of
some of the information in them. Selene asserts that it sent a
draft protective order to Plaintiffs' counsel as early as April
of 2016. (Doc. 72-9, p. 3). Due at least in part to a change in
Plaintiffs' counsel, there seems to be disagreement and confusion
between the parties as to who should have drafted a protective
order or confidentiality agreement. Selene now argues that it
should not have to produce the Policies because discovery is
closed and the parties have filed and fully briefed motions for
summary judgment.

However, as the Court has previously ruled, Plaintiffs'
motion to compel was timely. They are entitled to the Policies,
which are clearly within the scope of permissible discovery under
Rule 26(b). The parties are directed to draft a protective order
or enter into a mutually acceptable confidentiality agreement,
and Selene will be directed to provide the Policies to Plaintiffs
subject to that Order or confidentiality agreement.

4.    Mortgage statements from July 2014-January 2015,
      May 2015, and January 2016

Plaintiffs seek to compel Selene to produce mortgage
statements from July 2014-2015, May 2015, and January 2016. They
assert that these are important to their claims and to defend
Selene's counterclaim in foreclosure. Selene states that it
cannot locate the identified statements, despite its diligent
efforts to locate them.  Selene also notes that it did not begin
servicing the Plaintiffs' loan until August 1, 2014, during which
time Plaintiffs were involved in Chapter 13 bankruptcy
proceedings.  Thus, Selene asserts that it would not have sent

monthly statements to the Plaintiffs until February 2015 (the
month following notification of the bankruptcy discharge). See 12
C.F.R. §1026.41(e)(5) (exempting servicers from the requirement
to send periodic statements "while the consumer is a debtor in
bankruptcy"). With respect to the statements from May 2015 and
January 2016, Selene asserts that it simply cannot find them.
Accepting as true Selene's inability to locate the statements,
the Court can only compel a party to produce documents actually
in a its possession. See, e.g. In re Bankers Trust Co., 61 F.3d
465, 469 (6th Cir. 1995). Moreover, the mortgage statements
should have been received by the Plaintiffs in the normal course
of Selene's servicing of their mortgage. Plaintiffs' motion to
compel is denied as to the designated monthly statements.

    5.   Selene's "SARA System Records" and  an unredacted
          version of its "Collection Notes"

    SARA is Selene's "electronic repository" that it uses to
maintain its business records, and the records it generates are
"official records". (Doc. 104 at 16; Ex 1).  The parties are at
an impasse as to exactly what the "SARA records" entail, what
SARA records or collection notes are purportedly missing, and
appear unable even to work together to enter into a simple
mutually acceptable confidentiality agreement.  Plaintiffs seek
all "SARA System Records," including unredacted "collection
notes" on their account records.  Selene asserts that the demand
for the SARA records stems "from a fundamental misunderstanding
about the nature of the documents [Plaintiffs] seek, as well as
the testimony [of] Selene's corporate representative about the
documents Selene produced." (Doc. 104 at 15).  It states that
SARA is simply a system for maintaining records, and Selene has
already provided a copy of all the applicable SARA records to
Plaintiffs. (Doc. 72-10; 72-3). Selene admits that certain

collection notes were inadvertently redacted previously, but it has now provided those to Plaintiffs.

Selene also provided Plaintiffs with an "updated privilege log," but states that certain information remains redacted as protected by attorney-client privilege. (Doc. 104 at 16-17). Plaintiffs argue that the documents presented to them are "highly redacted and do not provide the necessary information..." (Doc. 106). They argue that it is "suspicious and implausible" that all the redacted material is privileged.

The attorney-client privilege, if not waived, protects communication between counsel and clients relating to securing a legal opinion or assistance in a legal proceeding. <u>Guy v. United Healthcare Corp.</u>, 154 F.R.D. 172, 177 (S.D. Ohio 1993). The privilege applies to natural persons as well as corporate entities. <u>Id</u>. Despite Plaintiffs' speculation, the Court has no reason to reject Selene's assertions that the remaining redacted notes are protected by attorney-client privilege. Plaintiffs' motion to compel is denied as to redacted material which Selene states are privileged.

It is unclear, given the parties' lack of mutual understanding, whether there are any remaining non-privileged SARA records. Plaintiffs state that they expressed willingness to submit to a protective order or sign a confidentiality agreement with respect to any confidential or proprietary documents, but "Defendant never sent a confidentiality agreement to Plaintiffs to look over and sign." <u>Id</u>. To the extent that there are remaining SARA records that Selene asserts are proprietary or confidential, the parties are directed to reach agreement on the terms of a protective order or enter into a mutually acceptable confidentiality agreement and SARA is directed to provide the remaining records, if any, to Plaintiffs.

IV. <u>Conclusion</u>

Plaintiffs' motion to compel is denied as to the original note and mortgage, the MSP Screenshot, and the designated mortgage statements.  Plaintiffs' motion is granted as to the other matters discussed in this Order. The parties are directed to make a good faith effort to reach agreement on the terms of a protective order within seven days, and if they are unable to do so, shall advise the Court, which will promptly enter such an order.  Selene should provide the documents subject to that order within seven days of the date of its entry.

V.  <u>Motion for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge

7