UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARY FUCHS; TIMOTHY FUCHS,

    Plaintiffs,

    v.

SELENE FINANCE, LP;
GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION,

    Defendants.
_____/

Case No. 15 cv 895

Hon. Michael Watson, District Judge
Hon. Terence Kemp, Magistrate Judge
Judges Presiding

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and pursuant to the stipulation of the parties, Plaintiffs Mary and Timothy Fuchs ("Plaintiffs") and Defendant Selene Finance LP ("Defendant"), in order to preserve and maintain the confidentiality of information in certain documents and information to be produced by Defendant and to safeguard the security and reliability of information stored on Defendant's computer systems, agree to the entry of the following Stipulated Protective Order ("Order").

THE COURT HEREBY ORDERS THAT the following procedures shall govern written and oral discovery moving forward, conducted pursuant to the Order to protect Defendant against the improper disclosure or use of confidential information produced by Defendant in discovery in this matter, filed with this Court:

1.    As used herein, the words "document" and "documents" include anything provided for under the Federal Rules of Civil Procedure, including Rule 34(a) of the Federal Rules of Civil Procedure, and complete or partial summaries therefore.

2. This Order applies to all discovery moving forward. It will not act retroactively to previously produced discovery, except that Defendant's previously produced servicing notes may continue to redact private contact information in accordance with paragraph 4 of this Order.

3. Defendant may designate as "confidential" any document produced by Defendant and/or any information or testimony provided by Defendant in response to any written discovery request and/or made during any deposition if it contains confidential or proprietary information, whether personal or business-related, including without limitation financial information. Material designated as "confidential" may be disclosed and used only as set forth in this Order.

4. Defendant may redact from any documents produced in discovery in this matter private contact information such as email addresses and telephone numbers for officers, managers, employees, representatives, independent contractors, and other associates of Defendant, the owner of the loan at issue in this action, and/or prior owner(s) and servicer(s) of the loan. However, upon request, Defendant will produce the contact information for any officers, managers, employees, representatives, independent contractors, and other associates of Defendant, the owner of the loan at issue in this action, and/or prior owner(s) and servicer(s) of the loan. All private contact information will be kept confidential. Plaintiffs may only contact Defendant's officers, managers, employees, and representatives through undersigned counsel while this litigation remains pending.

5. Defendant may redact the file names, filepaths, electronic web addresses, shared electronic networking addresses, and related information concerning specific details that govern the use and storage of information in Defendant's computer systems. The parties recognize and acknowledge that such redactions are appropriate to maximally safeguard the security and reliability of the information stored on Defendant's computer systems, both for Defendant's protection and the protection of Plaintiffs and other consumers on loans that Defendant services.

6. Plaintiffs may challenge documents or information designated as confidential and/or information redacted from any document produced in discovery in this matter by written notice to Defendant. In the event the parties are unable to resolve any disagreement as to whether Defendant properly designated a document or documents as confidential or redacted information from any document produced in discovery in this matter, Plaintiffs may seek a court order removing the protection of this Stipulated Protective Order to the document(s) or information. The provisions of Federal Rule of Civil Procedure 37(a)(5) shall apply to any motion brought by Plaintiffs challenging a confidential designation or redaction under this Stipulated Protective Order.

7. Any document, information, or deposition testimony provided shall be considered "confidential" if it is marked "confidential" or designated "confidential" by description, or if Defendant otherwise communicates in writing to Plaintiffs that the document should be treated as "confidential."

8. Any confidential information submitted to the Court must be submitted under seal in accordance with the Court's rules, or Plaintiffs shall redact any confidential information from the document and shall obtain prior written consent of Defendant to file any document containing confidential information without the protection of being filed under seal.

9. Nothing in this Stipulated Protective Order shall be construed to prevent any receiving party from objecting to any "confidential" designation made by a producing party. Anything designated as "confidential" to which an objection has been made shall not be disclosed in any manner inconsistent with this Order until such matter has been resolved by agreement of the parties or ruled on by the Court.

10. Anything designated as "confidential" by Defendant may be inspected by and disclosed only to the following persons associated with the receiving party and only for the purpose of conducting this litigation:

  a. This client, the client's employees (including in-house counsel) and/or former employees/independent contractors; attorneys of record for the receiving party in this litigation who have entered an appearance in this action, and employees of such counsel required to work on this case, including other attorneys who are members of, or associated with, the law firm of attorneys of record who have an appearance in this action;

  b. The employees, third party administrators, or counsel retained by an insurance company that is providing a defense to a party in this lawsuit, and employees of such counsel, insurance company, or third party administrators required to work on the case. Any such employees, third party administrators, or counsel shall be provided with a copy of this Order and shall execute an agreement to be bound by such Order in the form attached hereto as Exhibit A;

  c. Any expert, consultant, or fact witness retained or subpoenaed by the receiving party or at the request of counsel to consult on or testify in this litigation. Any such expert, consultant, or fact witness shall be provided with a copy of this Order and shall execute an agreement to be bound by such Order in the form attached hereto as Exhibit A;

  d. The Court and any of its personnel;

  e. Any mediator to this litigation and his or her personnel; and

  f. Employees of the receiving party who are necessary to assist counsel in litigation of this action. Persons receiving information under the provisions of this

Paragraph shall be given and requested to read this Order and advised that it shall continue to be binding upon them if and when they leave the employment of the receiving party.

11. Any person who makes any disclosure under this Stipulated Protective Order of anything designated "confidential" shall advise each person to whom such disclosure is made at the terms of this Stipulated Protective Order. The persons described in subparagraphs (a), (b), and (e) of the preceding Paragraph are enjoined from disclosing "confidential" documents and information to any other person except in conformance with this Stipulated Protective Order. The persons described in subparagraphs (b) and (c) of the preceding Paragraph must execute an acknowledgment of this Stipulated Protective Order before disclosure is made.

12. Nothing contained in this Stipulated Protective Order shall be construed to limit any party's rights to use in any way any "confidential" information provided, however, that any "confidential" information so used shall not lose its confidentiality status through such use and its confidentiality status shall be protected in conformance with this Stipulated Protective Order.

13. The use of documents or information designated as "confidential" for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise. Nothing herein shall be construed to affect the authenticity or admissibility of any information.

14. If Defendant has designated any document as "confidential" pursuant to this Order, it may consent that the confidentiality status of such document be removed or modified by written notification. This shall be the only method by which such consent may be manifested.

15. Nothing herein shall prohibit the confidential disclosure of any "confidential" information to comply with a Court Order in an action other than this action wherein the Order specifically directs the disclosure of such information. Prior to any such disclosure pursuant to a

Court Order, the receiving party required by the Court Order to disclose the information shall provide ten days' notice to the producing party who provided the confidential information and shall identify and provide copies of the confidential information required to be produced by the Court Order to the producing party who provided such information. If the Court Order is such that ten days' notice is not possible, then the receiving party required to make the disclosure shall provide the earliest practicable notice to the producing party.

16. Use of all documents designated as "confidential" is strictly limited to the above-captioned litigation. At the conclusion of the litigation, outside counsel and attorneys of record may retain copies of the pleadings, and may retain documents, things, copies, and samples to the extent they include or reflect the receiving party's attorneys' work product and may retain one file copy of all materials, including "confidential" materials, produced in this litigation for a period of two years or whatever other reasonable time outside counsel and attorneys of record maintain their respective files in accordance with professional standards and guidelines. The copy retained by counsel may be electronic in nature. Nothing herein prevents counsel from retaining multiple copies of non-"confidential" materials. Upon request of the producing party all other copies of "confidential" documents produced by any party shall be returned by counsel of record to the producing party that provided the documents, with a certification that all such material has been returned or, alternatively, counsel of record may submit a certification that all such material has been destroyed. The "conclusion" of the litigation means, as to the parties, forty-five (45) days following the completion of this litigation whether by entry of judgment and the exhaustion of or expiration of time for appeal rights, or as may be determined by the Court.

17. Nothing herein shall prevent any party, on notice to all other parties, from applying to the Court for a higher level of protection for any particular document or information, nor shall

anything herein prevent any party, on notice to all other parties, from applying to the Court for a modification of this Stipulated Protective Order.

18. All parties hereto agree to be bound by the provisions of this Stipulated Protective Order upon execution thereof by an authorized representative and their counsel.

**STIPULATED TO BY:**

Doucet & Associates Co., L.P.A.                     Maurice Wutscher LLP


/s/ Andrew J. Gerling                                          /s/ Kevin M. Hudspeth
Andrew J. Gerling                                                Kevin M. Hudspeth, *Of Counsel*
*Attorney for Plaintiffs*                                        *Attorney for Defendant*


                        **IT IS SO ORDERED**


                        /s/ Terence P. Kemp
                        UNITED STATES MAGISTRATE JUDGE